IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JEFFREY HOWELL
and PEGGY HOWELL,

        **Plaintiffs,**

v.                                          CIVIL ACTION NO.: 3:20-CV-183
                                                 (GROH)

THE COUNTY COMMISSION OF
HAMPSHIRE COUNTY, WEST
VIRGINIA, SHERIFF JOHN ALKIRE,
Sheriff of Hampshire County, West Virginia,
In his official capacity, and PHOEBE LAHMAN,
Personally, and in her official capacity as a
Hampshire County Sherriff's Deputy,

        **Defendants.**

## MEMORANDUM OPINION AND ORDER
## GRANTING THE DEFENDANTS' MOTION TO DISMISS

      Now before the Court is the Defendants' Motion to Dismiss Plaintiffs' Complaint as time barred by the applicable statute of limitations.  This matter arises out of an incident that occurred on August 4, 2018; Plaintiffs allege that Defendant Lahman shot their fifteen-year-old, thirty-pound dog without provocation or warning.  Plaintiffs filed their Complaint on August 24, 2020—more than two years after their dog was allegedly shot and killed.  For the reasons that follow, the Defendants' Motion shall be granted.

### I. APPLICABLE LEGAL STANDARDS

      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to challenge the complaint's sufficiency in this

1

regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the pleading standard under Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

When reviewing a Rule 12(b)(6) motion, the court assumes that the complaint's well-pleaded allegations are true, resolves all doubts and inferences in favor of the plaintiff and views the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999). Only factual allegations receive the presumption of truth. Iqbal, 556 U.S. at 678–79. A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic" and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

## II. DISCUSSION

On August 4, 2018, Defendant Lahman, a Hampshire County Sheriff's Deputy, went to the Plaintiffs' residence to serve the Plaintiffs' son (who did not live at their residence) with paperwork. Shortly after arriving, and while standing outside speaking

with Plaintiff Peggy Howell, Defendant Lahman told Ms. Howell that she was going to shoot one of the Howell's three dogs, Rascal (a nearly toothless heeler mix with sight and mobility issues), who was standing nearby. Shortly thereafter, Defendant Lahman drew her service weapon and shot Rascal in the head, killing him instantly.

Plaintiffs allege that the Defendants violated their Fourth and Fourteenth Amendment rights, 42 U.S.C. § 1983 and other related violations by shooting Rascal. Accordingly, Plaintiffs are seeking $6,500,500.00 in damages.

On September 30, 2020, the Defendants filed a Motion to Dismiss Plaintiffs' Complaint. ECF No. 4. Their argument is straightforward: Plaintiffs' claims are time barred under West Virginia's two-year statute of limitations for personal injury actions. Plaintiffs do not, and cannot, dispute the dates included in their complaint or the time of its filing. Instead, Plaintiffs argue that the statute of limitations was tolled by the discovery rule, and therefore, their Complaint should not be dismissed.

Plaintiffs concede that they "were aware that their dog had been slain on August 4, 2020[.]" ECF No. 5 at 6. However, Plaintiffs argue that the discovery rule should apply here because "they were not aware of Deputy Lahman's Basis for being on the property and were not aware of facts surrounding Deputy Lahman's decision to shoot Rascal." Id. Succinctly, Plaintiffs claim that they received an incident report on August 24, 2018, which "alerted" them to Defendant Lahman's purpose to visiting the property and that she "had no legal basis for being on their property and no legal justification for shooting the dog[.]" Id. This argument is wholly without merit.

"When it appears on the face of the complaint that the limitation period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6) motion to

3

dismiss." Faircloth v. Nat'l Home Loan Corp., 313 F. Supp. 2d 544, 552 (M.D.N.C. 2003) (dismissing a claim based on a statute of limitations defense); see also Miller v. Pac. Shore Funding, 224 F. Supp. 2d 977, 985 (D. Md. 2002) (stating that, "[w]hen it appears on the face of the complaint that the limitation period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6) motion to dismiss"). The Court applies the West Virginia statute of limitations as well as West Virginia law construing it. Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999) (holding that district courts should apply the state statute of limitations and any rule "that constituted an integral part of the state statute of limitations").

In Dunn v. Rockwell, 689 S.E.2d 255 (W. Va. 2009), the Supreme Court of Appeals of West Virginia explained that courts should conduct a five-step analysis to determine whether the statute of limitations bars a cause of action. The Court will consider each step of this analysis in turn.

First, the Court must "identify the applicable statute of limitation." Id. at 265. Here, there is no federal statute of limitations applicable to § 1983 actions, so the applicable provision must be borrowed from the analogous state statute of limitations. See National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991). The analogous state statute of limitations most appropriate for § 1983 actions is the limitation period for personal injury actions. See Wilson v. Garcia, 471 U.S. 261 (1985). "Where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235 (1989). In West Virginia that period is two years. See W. Va. Code § 55-2-12(b) ("Every personal action for which no limitation is otherwise

prescribed shall be brought: . . . (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]").

Second, the Court "should identify when the requisite elements of the cause of action occurred." Dunn, 689 S.E.2d at 265.  Here, Plaintiffs allege that Defendant Lahman shot and killed Rascal on August 4, 2018.  Accordingly, the requisite elements occurred on that date.

Third, the Court must determine whether the discovery rule should apply using the criteria set forth in Syllabus Point 4 of Gaither v. City Hosp., Inc., 487 S.E.2d 901 (W. Va. 1997). Dunn, 689 S.E.2d at 265. Syllabus Point 4 of Gaither provides:

> In tort actions . . . under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

"[W]hether a plaintiff 'knows of' or 'discovered' a cause of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." Syl. pt. 4, Dunn, 689 S.E.2d at 258.

Additionally, "[w]here a plaintiff knows of his injury, and the facts surrounding that injury place him on notice of the possible breach of a duty of care, that plaintiff has an affirmative duty to further and fully investigate the facts surrounding that potential breach." McCoy v. Miller, 578 S.E.2d 355, 359 (W. Va. 2003).

There can be no question that Plaintiffs "knew of" the factual basis for their cause of action on August 4, 2018.  According to their complaint, Ms. Howell watched Defendant

5

Lahman shoot Rascal (for no apparent reason) and Mr. Howell told Defendant Lahman to get off their property when he came outside and surmised what had taken place. Therefore, Plaintiffs knew of their "injury, and the facts surrounding that injury place[d them] on notice of the possible breach of a duty of care" by Defendant Lahman.  Id. Accordingly, the discovery rule does not apply to the instant case, and the statute of limitations began to run on the Plaintiffs' claims on August 4, 2018.

Fourth, if the court finds that "the plaintiff is not entitled to the benefit of the discovery rule," it then "determine[s] whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action." Dunn, 689 S.E.2d at 265. If the plaintiff can make this showing, "the statute of limitations is tolled." Id.  Here, Plaintiffs argue that although they knew Rascal was shot, they were unaware of Defendant "Lahman's basis for being on the property and . . . facts surrounding [her] decision to shoot Rascal." ECF No. 5 at 6.  Neither Defendant Lahman's purpose for being on the Howell's property nor why she felt the need to shoot Rascal is relevant to calculating the date the statute of limitations began to run.[1]

Fifth, "the court . . . should determine if the statute of limitation period was arrested by some other tolling doctrine." Id. The Plaintiff has not referenced another tolling doctrine in his complaint or response to the Motion to Dismiss. Thus, this step does not apply.

---

[1] To be clear, assuming *arguendo* Defendant Lahman was lawfully on the property but unlawfully or improperly shot Rascal, her lawful presence would not somehow absolve Defendant Lahman's actions or change the statute of limitations calculation.  Similarly, her subjective reasons, or lack thereof, for shooting Rascal is of no moment to determining when the statute of limitations began. Syl. pt. 4, Dunn, 689 S.E.2d at 258.  Plaintiffs were on notice of the elements of their claim when Ms. Howell watched Defendant Lahman shoot Rascal.

### III. CONCLUSION

In light of the foregoing Dunn analysis, the statute of limitations bars the claims in Plaintiffs' Complaint. A two-year statute of limitations applies to these claims. W. Va. Code § 55-2-12(b). The discovery rule does not apply here because the Plaintiffs had actual knowledge of the factual circumstances underlying their claims on the day Defendant Lahman shot Rascal. The statute of limitations began to run on the same day. The Plaintiffs filed their Complaint on August 24, 2020—more than two years after that date. Accordingly, the Defendants' Motion to Dismiss is **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **DIRECTED to TERMINATE as MOOT** all pending motions and remove this case from the Court's active docket and to transmit copies of this Order to all counsel of record herein.

**DATED**: December 4, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE